IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

HEATHER L. BOUCHER, on behalf of herself )
and all others similarly situated, )
                 )
         Plaintiffs,   )
                 )
    vs.           )  Case No.:
                 )
ASSOCIATED COLLECTORS, INC., a )
Wisconsin Corporation; and, JOHN AND )
JANE DOES NUMBERS 1 THROUGH 25, )
                 )
         Defendants.  )

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, HEATHER L. BOUCHER ("Plaintiff" or "BOUCHER"), on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendant, ASSOCIATED COLLECTORS, INC. ("ASSOCIATED"). In support of her Class Action Complaint, Plaintiff says:

  1.  Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Associated Collectors, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

  2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

  3.  The FDCPA regulates the behavior of collection agencies attempting to collect a

debt on behalf of another. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

8. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

9. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692, *et seq*.

## VENUE AND JURISDICTION

10. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

11. Venue and personal jurisdiction in this District are proper because ASSOCIATED's collection communications and activities impacted Plaintiff within this District.

## PARTIES

12. Plaintiff is an individual who resides in Marinette, Wisconsin.

13. ASSOCIATED is a corporation with offices at 113 West Milwaukee Street, Janesville, Wisconsin 53548.

14. At all times herein relevant, ASSOCIATED, was engaged in the primary business of collection of purportedly delinquent accounts for third parties. ASSOCIATED, uses the mails and telephone system in conducting its business.

15. ASSOCIATED, has a web site on which it states that it:

> "provides collection services throughout the Midwest through offices in Janesville and Green Bay, Wisconsin" and has "expertise in: . . . Medical Debt Collection - Hospitals, clinics, chiropractors, mental health facilities and dental offices all benefit greatly from ACI's skill, dedication and experience."
> (https://www.associatedcollectors.com/)

16. At all times herein relevant, ASSOCIATED, was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6).

17. Defendants, DOES 1-25, are sued under fictitious names as their true names and capacities are yet unknown to plaintiff. The plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

18. Plaintiff is informed and believes, and on that basis alleges, that defendants, DOES 1-25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of ASSOCIATED that are the subject of this complaint. Those defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by ASSOCIATED and, therefore, are personally liable for all of the wrongdoing alleged in this complaint.

## FACTS

19. ASSOCIATED mailed Plaintiff a series of letters in an effort to collect medical debts. The letters include the following:

      (a) December 9, 2015 (*Exhibit A*);

      (b) December 9, 2015 (*Exhibit B*);

      (c) December 9, 2015 (*Exhibit C*);

      (d) February 16, 2016 (*Exhibit D*);

      (e) August 25, 2016 (*Exhibit E*).

20. Plaintiff received each letter in the regular course of the mail, some days later.

21. All the debts were for personal, family or household purposes and not for business purposes.

22. ASSOCIATED treated each of the medical debts as being in default when ASSOCIATED first became involved with them.

23. Each letter invited payment by Visa and MasterCard and stated, "A fee of 3% of the transaction amount or $25.00, whichever is less, may, as permitted by law, be added to all payments made by credit card or debit card."

24. On information and belief, there is no agreement authorizing such a charge and no statute authorizing such a charge in the absence of an agreement.

25. The fee therefore may never be charged.

26. It is ASSOCIATED's regular practice to add a fee of 3% of the transaction amount or $25.00, whichever is less, to all payments made by credit card or debit card, and to state that it will do so in collection letters.

27. ASSOCIATED represented that it may impose charges which are forbidden by law, unless consumers, such as Plaintiff, choose to provide their bank account information to ASSOCIATED (inherent in paying by check or ACH) or incur additional fees (to purchase a money order).

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals with Wisconsin addresses, (b) who were sent a letter by Associated Collectors, Inc., referring to a fee for payment by credit or debit card (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

30. The identities of all class members are readily ascertainable from the business records of ASSOCIATED and those business and entities of whose behalf it collects debts.

31. Excluded from the class are ASSOCIATED and its officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. Depending on the outcome of further investigation and discovery, Plaintiff may (i) seek to modify the definition of the class to be more inclusive or less inclusive; seek to modify the definition of the class claims to be more inclusive or less inclusive; and/or (iii) seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

33. On information and belief, the class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    (a) Whether ASSOCIATED's fee is prohibited by law;

    (b) Whether representing that such fees may be charged violates the FDCPA.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    (a) Individual actions are not economically feasible.

    (b) Members of the class are likely to be unaware of their rights;

    (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

38. Plaintiff incorporates paragraphs 1-37.

39. ASSOCIATED, violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (i) stating that there is a fee for paying by credit or debit card, (ii) when no such fee may be charged, (iii) representing expressly or by implication that such fees could lawfully be charged, and (iv) charging the fee.

40. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

41. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against defendant for:

    i. Statutory damages;

    ii. Actual damages in favor of all class members charged the fees;

    iii. Attorney's fees, litigation expenses and costs of suit; and

    iv. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 8th Day of December, 2016

*s/ Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
Philip D. Stern, Esq.
Heather B. Jones, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-2056
E-Mail: andrew@sternthomasson.com

Daniel A. Edelman, Esq.
Francis R. Greene, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile: (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: fgreene@edcombs.com

*Attorneys for Plaintiff, Heather L. Boucher, and all others similarly situated*